## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION AT LAFAYETTE

THE PRUDENTIAL INSURANCE )
COMPANY OF AMERICA, )
                         )
       **Plaintiff,** )
                         )
       v. )            No. 4:18 CV 76
                         )
JULIE ANN BARKER, *et al.*, )
                         )
       **Defendants.** )

## OPINION and ORDER

This matter is before the court on plaintiff's motions for default judgment and interpleader relief. (DE ## 41, 42.) For the reasons that follow, the motions will be granted.

## I.    BACKGROUND

Plaintiff, The Prudential Insurance Company of America ("Prudential"), filed an interpleader complaint (DE # 1) in this case to resolve the competing claims of defendants Julie Ann Barker ("Julie"), Bobby Jo Compton ("Bobby"), Patricia Estes ("Patricia"), and William T. Sammons ("William"), to the undisputed portion of a death benefit in the amount of $240,800, due as a consequence of the death of Danny Jo Barker ("the Insured"), under a group life insurance policy issued by Prudential to a third party contract holder, Atkore International ("Atkore"), identified as Group Policy No. G-51027-IL (the "Group Policy").

Prudential issued the Group Policy to Atkore.[1] (DE # 1 at 3.) At all relevant times, the Insured was covered under the Group Policy for death benefits totaling $344,000 (the "Death Benefit"). (*Id.*)

On March 6, 2018, the Insured died in Indiana, and the Death Benefit became due. (*Id.*) The Group Policy provides that benefits are payable to the designated beneficiary. (*Id.*) Following the Insured's death, Atkore advised Prudential that the Insured initially designated the following beneficiaries of the Death Benefit: Amisty Barker ("Amisty") for 10%; Danny Joe Barker, Jr. ("Danny") for 10%; Julie for 60%; Bobby for 10%; and Robert Woodworth ("Robert") for 10%. (*Id.* at 4.)

Atkore further advised Prudential that it was provided with a handwritten beneficiary designation dated June 30, 2017, purporting to change the beneficiaries of the Death Benefit as follows: Amisty for 10%; Danny for 10%; Robert for 10%; Patricia for 10%; Julie for 10%; and Bobby for 50%. (*Id.*) However, Atkore advised Prudential that it generally does not accept handwritten beneficiary designations. (*Id.*)

Finally, Atkore advised Prudential that it received a written request, dated February 28, 2018, submitted by Phillip J. Barker, as Power of Attorney for the Insured, seeking to change the beneficiaries of the Death Benefit as follows: Bobby for 70%; Danny for 10%; Amisty for 10%; and Robert for 10%. (*Id.*)

---

[1] Under the Group Policy, Atkore is responsible for administering the Group Policy, including acceptance and maintenance of beneficiary designations. Prudential, as the claims administrator, is responsible for administering claims under the Group Policy based on the records kept by Atkore. (DE # 1 at 3-4.)

On April 24, 2018, William sent Prudential a letter enclosing an assignment provided by Bobby to William for $10,000 of the Death Benefit, in connection with legal services rendered by William on Bobby's behalf. (*Id.* at 5.) Prudential also received a letter dated August 20, 2018, from counsel for Julie, Danny, Amisty, and Robert, alleging that the February 28, 2018, designation is not valid because the Insured was not competent at the time the Power of Attorney was given to Phillip J. Barker. (*Id.*)

Prudential does not dispute that the Death Benefit is owed. (*Id.* at 6.) The portion of the Death Benefit currently in dispute is $240,800.[2] (*Id.* at 5.) Prudential brought the present interpleader action on the basis that it is unable to determine how much of the remaining Death Benefit Bobby, Julie, Patricia, and William are entitled to receive. (*Id.*) Specifically, Prudential is unable to determine which of the three beneficiary designations was in effect at the time of the Insured's death. (*Id.*)

On February 12, 2019, Prudential deposited the portion of the Death Benefit at issue and accrued claim interest, an amount of $243,041.53, into the Court's registry. (DE ## 31, 32.) Prudential now moves this court for entry of interpleader relief, discharging it from any liability related to the portion of the Death Benefit at issue, and dismissing it from this action with prejudice. (DE # 42.) No party has filed an objection to Prudential's motion.

---

[2] Under all three beneficiary designations, Amisty, Danny, and Robert were designated a 10% share of the Death Benefit. Therefore, $103,200 of the Death Benefit is undisputed, and Prudential has represented that it will pay out this benefit upon receipt of appropriate paperwork from Amisty, Danny, and Robert. (*Id.*)

Prudential also seeks entry of default judgment against Patricia. Patricia was served on November 8, 2018. (DE # 24.) Patricia was initially represented by counsel, who filed an appearance, but counsel subsequently moved to withdraw his representation and the Magistrate Judge granted the motion. (DE ## 5, 18, 27.) Patricia thereafter proceeded *pro se*. On February 6, 2019, Patricia appeared at a status conference with the Magistrate Judge. (DE # 28.) The Magistrate Judge granted Patricia an extension of time, until March 8, 2019, to file a response to the complaint. (*Id.*) To date, Patricia has not responded to the complaint. The Clerk entered default against Patricia on March 19, 2019. (DE # 37.) Prudential now seeks entry of default judgment.

## II.     DEFAULT JUDGMENT

### A.     *Legal Standard*

The court may enter default judgment against a party against whom affirmative relief is sought when it fails to plead or otherwise defend. FED. R. CIV. P. 55(b)(2). The decision to enter a default judgment lies within the discretion of the district court. *O'Brien v. R.J. O'Brien & Assocs., Inc.,* 998 F.2d 1394, 1398 (7th Cir. 1993). If the court determines that the defendant is in default, all well-pleaded allegations of the complaint, except those relating to the amount of damages, will be taken as true. *Black v. Lane,* 22 F.3d 1395, 1399 (7th Cir. 1994).

### B.     *Analysis*

Federal Rule of Civil Procedure 55(b) provides, "[i]f the party against whom a default judgment is sought has appeared personally or by a representative, that party or

its representative must be served with written notice of the application . . ..” Here,

Patricia was sent a copy of: Prudential's motion for Clerk's entry of default (DE # 35);

the Clerk's entry of default (DE # 37); and Prudential's motion for entry of default

judgment (DE # 41). She has failed to respond to these motions or file an answer to the

complaint. Therefore, the court will grant Prudential's motion for default judgment.

However, the remaining parties to this action are in the midst of discovery and

adjudication of the remaining issues will bear on what interest (if any) Patricia has to

the Death Benefit. Therefore, the court will reserve entry of final judgment, as well as

the determination of Patricia's interest (if any), until these remaining issues can be

resolved.

## III.    INTERPLEADER RELIEF

### A.    *Legal Standard*

An interpleader action proceeds in two stages. *Aaron v. Mahl*, 550 F.3d 659, 665

(7th Cir. 2008). During the first stage, the court determines whether interpleader is

appropriate by assessing whether the court has jurisdiction over the action, and

whether the stakeholder is actually threatened with multiple liability. *See id.* During the

second stage, the merits of the claims are resolved. *Id.*

Interpleader can be statutory or rule-based. Here, Prudential seeks interpleader

relief under the federal interpleader statute, 28 U.S.C. § 1335 and 28 U.S.C. § 2361.

Pursuant to § 1335, federal courts have original jurisdiction over interpleader actions

when: the amount in controversy is $500 or more; the case involves two or more

adverse claimants of diverse citizenship; and the plaintiff has deposited the money or property subject to dispute into the registry of the court. *Id.*

Pursuant to § 2361, in an action in which the stakeholder does not assert a claim to the disputed fund, the stakeholder may be discharged from the litigation once the fund is deposited with the court – leaving the adverse claimants to litigate their dispute amongst themselves. *Walker v. Pritzker*, 705 F.2d 942, 944 (7th Cir. 1983); *Soc'y Ins. Co. v. Nystrom*, 718 F. App'x 482, 484 (9th Cir. 2017); *McBride v. McMillian*, 679 F. App'x 869, 871 (11th Cir. 2017); *Guarantee Co. of N. Am. USA v. Barrera*, 908 F. Supp. 2d 39, 41 (D.D.C. 2012); *see also Commercial Nat. Bank of Chicago v. Demos*, 18 F.3d 485, 487 (7th Cir. 1994) (action for interpleader allows stakeholder, "who has no claim to the money in the accounts and is willing to release it to the rightful claimant, 'to put the money . . . in dispute into court, withdraw from the proceeding, and leave the claimants to litigate between themselves the ownership of the fund in court.'" (quoting *Commercial Union Ins. Co. v. United States*, 999 F.2d 581, 583 (D.C. Cir. 1993))).

B.    *Analysis*

In this case, the requirements of § 1335 are satisfied: the disputed portion of the Death Benefit exceeds $500; the defendants are adverse; minimal diversity among competing claimants existed at the time the complaint was filed; and Prudential deposited the funds in the registry of the court. Moreover, Prudential has a "real and reasonable fear" of double liability or conflicting claims. *See Aaron*, 550 F.3d at 665. Thus, interpleader is warranted.

Next, the court must determine whether Prudential is entitled to interpleader relief and dismissal from this case. Prudential has never claimed a legal interest in the disputed funds; rather, its role in this litigation has been that of a disinterested stakeholder that holds the accounts containing the funds. Prudential has deposited the funds with the Clerk of Court and no party has raised an objection to Prudential's dismissal from the litigation. Moreover, Prudential's continued participation in this action would have no impact on the core dispute between the competing claimants. Therefore, Prudential's motion will be granted. *See Principal Life Ins. Co. v. Noble*, 2019 WL 1651750, at *3 (N.D. Ill. Apr. 17, 2019); *Jackson Nat'l Life Ins. Co. v. Hardin*, 2016 WL 3539133, at *7 (N.D. Ill. June 28, 2016); *Primerica Life Ins. Co. v. Castro*, 2015 WL 4724910, at *4 (N.D. Ind. Aug. 10, 2015); *Minnesota Life Ins. Co. v. Kingkade*, 2014 WL 293812, at *2 (N.D. Ind. Jan. 27, 2014); *Metro. Life Ins. Co. v. Johnson*, 2012 WL 2192283, at *3 (N.D. Ill. June 13, 2012); *Midland Nat. Life Ins. Co. v. Agnew*, 2011 WL 2692961, at *3 (N.D. Ind. July 11, 2011).

## IV.    CONCLUSION

Accordingly, the court orders the following:

1.    Plaintiff The Prudential Insurance Company of America's motion for default judgment against defendant Patricia Estes (DE # 41) is **GRANTED**. The court **RESERVES** entry of final judgment against Patricia Estes until the resolution of the remaining claims in this case.

2.    Plaintiff The Prudential Insurance Company of America's motion for interpleader relief (DE # 42) is **GRANTED**.

3.    Pursuant to 28 U.S.C. § 2361, defendants are enjoined from instituting any proceeding in any state or United States court against plaintiff The

Prudential Insurance Company of America or its agents with respect to the Group Policy No. G-51027-IL ("the Policy") on the life of Danny Joe Barker.

4.    Plaintiff The Prudential Insurance Company of America is fully discharged from all liability to defendants arising out of the Policy.

5.    Plaintiff The Prudential Insurance Company of America is **DISMISSED WITH PREJUDICE** from this case.

6.    Defendants Julie Ann Barker, Bobby Jo Compton, and William T. Sammons are ordered to interplead their respective claims as to the disputed funds on a schedule to be set by the Magistrate Judge in a separate order.

**SO ORDERED.**

Date: January 9, 2020

  s/James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT